IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PATRICK L.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Civ. No. 6:19-cv-01669-CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

Plaintiff Patrick L. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying his claim for supplemental security income. For the reasons provided below, the Commissioner's decision is REVERSED and REMANDED.[2]

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

[2] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1).

1 - Opinion and Order

## BACKGROUND

Plaintiff was born May 25, 1965, and was 50 years old when he applied for disability. He alleges that he became disabled on January 10, 1995, due to bipolar and schizoaffective disorders. Tr. 66, 165. Plaintiff completed his GED and reported past work as a baker, belt worker, cleaner, cook, and dishwasher. Tr. 196. Plaintiff has a history of drug and alcohol use and has spent time in prison. Tr. 486.

Plaintiff applied for supplemental security income on March 11, 2016. Tr. 66. His claim was denied initially and upon reconsideration. Tr. 99, 108. Plaintiff requested a hearing and appeared before an Administrative Law Judge ("ALJ") on August 22, 2018. Tr. 37-63. The ALJ issued an unfavorable decision on November 20, 2018. Tr. 14-31. The ALJ found that Plaintiff was not disabled because his substance abuse was a contributing factor material to the determination of disability. Tr. 31. The ALJ concluded Plaintiff could perform other work in the national economy, such as assembler of small products, collator operator, or inserting machine operator. Tr. 31. On August 15, 2019, the Appeals Council denied review, making the ALJ's decision the final agency decision. Tr. 1. This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially

dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

    a. The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

3 - Opinion and Order

> 5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled.

*See also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

Applying the above analysis, the ALJ made the following findings:

1. Plaintiff has not engaged in substantial gainful activity since March 11, 2016, the application date. Tr. 18.

2. Plaintiff has the following severe impairments: degenerative disc disease; chronic obstructive pulmonary disease; schizophrenia; cannabis, alcohol, and methamphetamine abuse. Tr. 18

3. Plaintiff's impairments, including the substance use disorders, meet section 12.03 of 20 CFR Part 404, Subpart P, Appendix 1. Tr. 18.

4. If Plaintiff stopped the substance use, the remaining limitations would cause more than a minimal impact on Plaintiff's ability to perform basic work activities;

therefore, Plaintiff would continue to have a severe impairment or combination of impairments. Tr. 20.

5. If Plaintiff stopped the substance use, Plaintiff would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 20.

6. If Plaintiff stopped the substance abuse, Plaintiff would have the residual functional capacity to perform light work as defined in 20 CFR 416.967(b), that is, lift and carry 20 pounds occasionally and ten pounds frequently, stand and walk for six of eight hours, and sit for six of eight hours. Additionally, Plaintiff can occasionally climb ladders, ropes, and scaffolds and occasionally stoop, kneel, crouch, and crawl. Plaintiff should avoid concentrated exposure to fumes, dusts, gases, odors and poor ventilation. He can understand and remember simple instructions and carry out simple two to three step tasks. He can tolerate occasional, brief, and superficial interaction with members of the public and coworkers. There should be no tandem or teamwork. Plaintiff can make simple work related decisions and tolerate a few simple workplace changes. Tr. 23.

7. Plaintiff has no past relevant work. Tr. 30.

8. Plaintiff was born on May 25, 1965 and was 50 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed. Tr. 30.

9. Plaintiff has at least a high school education and is able to communicate in English. Tr. 30.

10. If Plaintiff stopped the substance use, considering Plaintiff's age, education, work experience, and residual functional capacity, there would be a significant number of jobs in the national economy that Plaintiff could perform. Tr. 30.

11. The substance use disorder is a contributing factor material to the determination of disability because Plaintiff would not be disabled if he stopped the substance use. Because the substance use disorder is a contributing factor material to the determination of disability, Plaintiff has not been disabled within the meaning of the Social Security Act at any time from the date the application was filed through the date of this decision. Tr. 31.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see*

5 - Opinion and Order

*also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

If the decision of the Appeals Council is the final decision of the Commissioner, this Court must review the decision of the Appeals Council to determine whether that decision is supported by substantial evidence. *Howard v. Heckler*, 782 F.2d 1484 (9th Cir. 1986). Where the evidence before the ALJ or Appeals Council is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse the Commissioner's decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff presents the following issues for review:

1. Whether the ALJ performed a legally sufficient drug and alcohol analysis, and whether his conclusion regarding Plaintiff's substance use was supported by substantial evidence.

2. Whether the ALJ provided clear and convincing reasons supported by substantial evidence in the record to reject Plaintiff's subjective testimony.

**I.   The ALJ's DAA analysis is unsupported by substantial evidence.**

The Contract with America Advancement Act of 1996, Pub. L. No. 104-121 § 105(a)(1)(C), amended the definition of disability under the Social Security Act to prohibit entitlement to disability benefits for any individual whose disability is based on drug addiction and alcoholism ("DAA"). *See* 42 U.S.C. § 423(d)(2)(C) and 42 U.S.C. § 1382c(a)(3)(J). The Commissioner's disability regulations state that "[i]f we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability." 20 C.F.R. § 416.935(a). The "key factor" the Commissioner "will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol." *Id.* at § 416.935(b).

7 - Opinion and Order

The materiality determination involves a process of separating out the effects of the substance use and its impact on any other impairment(s), physical or mental. *See Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). The ALJ reviews the medical evidence and, if necessary, consults with a medical expert, in determining what limitations, if any, would remain if the claimant stopped using drugs or alcohol. 20 C.F.R. § 416.927(f)(2)(iii). "To support a finding that DAA is material, we must have evidence in the case record that establishes that a claimant with a co-occurring mental disorder(s) would not be disabled in the absence of DAA. Unlike cases involving physical impairments, we do not permit adjudicators to rely exclusively on medical expertise and the nature of a claimant's mental disorder." Social Security Ruling ("SSR") 13-2p. The ALJ must have "objective medical evidence—that is, signs, symptoms, and laboratory findings—from an acceptable medical source" to make a finding that a claimant is abusing drugs or alcohol. SSR 13-2p(8)(b)(i). The ALJ must project the severity of a claimant's other impairments in the absence of DAA, and, in making this determination, the ALJ should consider medical judgments about the likely remaining medical findings and functional limitations the claimant would have in the absence of DAA. *David M. v. Comm'r of Soc. Sec.*, No. 2:18-CV-0035-JTR, 2019 WL 544954, at *3 (E.D. Wash. Feb. 11, 2019). The claimant's and the Commissioner's burdens remain the same through this separating out process. *See generally Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001) (holding that the burden of proof remains on the claimant to establish that DAA is not material to the disability claim).

Here, the ALJ made separate findings regarding Plaintiff's limitations with DAA and without DAA that on the surface appear to comply with SSR 13-2p. However, the ALJ's finding that Plaintiff would not be disabled if he stopped using drugs and alcohol is unsupported by substantial evidence. The ALJ first found that Plaintiff's impairments met Listing 12.03 because

8 - Opinion and Order

he has delusions, hallucinations, and marked limitations in interacting with others and adapting or managing himself. Tr. 18-20. The ALJ then found that if Plaintiff stopped using drugs or alcohol that his limitations would no longer meet Listing 12.03. The ALJ's rationale for why Plaintiff's limitations in interacting with others and adapting or managing himself dropped from "marked" to "moderate" is severely lacking to the point that it justifies remand. An ALJ must provide sufficient explanation to allow a reviewing party to conduct a meaningful review. *Hibdon v. Astrue*, No. 03:10-CV-1360-HZ, 2011 WL 5239973, at *2 (D. Or. Oct. 31, 2011) citing *Reindl v. Astrue*, No. 09 C 2695, 2010 WL 2893611, at *11 (N.D. Ill. July 22, 2010) (the court "cannot uphold an administrative decision that fails to mention highly pertinent evidence, or that because of contradictions or missing premises fails to build a logical bridge between the facts of the case and the outcome.").

In interacting with others, the ALJ found that Plaintiff's marked limitation was reduced to moderate when he stopped using drugs and alcohol because "he noted he was able to spend time with others, play with his grandkids, get along with others when not using substances, and get long okay with authority figures (Exhibit 5E)." Tr. 21. Looking at Exhibit 5E, it contains simple one to three word answers to prompted questions, check boxes for yes and no, and was completed by a DHS worker on Plaintiff's behalf. Tr. 218-225. Plaintiff completed this form just after being released from prison, while living in a shelter. In other areas of the record, Plaintiff noted that he feels uncomfortable around others, lives with his mother and is dependent on her for his meals. When she goes grocery shopping, he waits in the car because he is uncomfortable being in the store and around other people. He is uncomfortable eating out at restaurants. He reported having negative interactions with supervisors and being fired or quitting his jobs due to conflicts with others. A note that he sometimes plays with his grandchildren and

9 - Opinion and Order

an answer that simply reads "OK" to the question "How well do you get along with authority figures?" is not substantial evidence to support lowering Plaintiff's marked limitation to moderate when drugs and alcohol are not a factor.

As for adapting and managing himself, Plaintiff reported that he did not drive, was not able to handle money, did not prepare his own meals, and did not do his own grocery shopping. The ALJ provided three reasons for changing Plaintiff's marked limitation to moderate: (1) on Exhibit 5E, in response to the question "Do you need any special reminders to take care of personal needs and grooming?" the box for "No" is checked; (2) on Exhibit 5E, in response to the question "When you go out, how do you travel?" the box labeled "public transportation" was checked; and (3) a psychologist noted in one medical record that he was able to do some household chores. These are not sufficient reasons to support finding that Plaintiff would have only moderate difficulty in adapting and managing himself if he stopped using drugs and alcohol.

The ALJ repeatedly states that certain findings or interactions are different when Plaintiff was sober, but the ALJ failed to provide more than a handful of examples of this. "Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) citing *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001). *See also Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1200 (9th Cir. 2008) ("Nor are the references in [a doctor's] notes that Ryan's anxiety and depression were 'improving' sufficient to undermine the repeated diagnosis of those conditions, or [another doctor's] more detailed report."); *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001) ("We

also believe that the Commissioner erroneously relied too heavily on indications in the medical record that Hutsell was 'doing well,' because doing well for the purposes of a treatment program has no necessary relation to a claimant's ability to work or to her work-related functional capacity.").

The ALJ also seemed to ignore examples in the record where Plaintiff continued to have delusions and hallucinations while sober. While Plaintiff admits that his delusions and hallucinations are more extreme when he uses drugs or alcohol and that medications help his symptoms, his providers continued to detail a disabled individual while sober and medicated. *See* Tr. 571 ("I was sober and I was hearing them."); 685 ("He has stopped using alcohol and drugs . . . Significant current symptoms include anxiety, depression, paranoia, some auditory hallucinations."); 689 (assessed alcohol use disorder in remission while still experiencing visual hallucinations); 748 ("He remains disabled and unable to maintain gainful employment. This is not thought to be due to drug or alcohol use."). Moreover, the ALJ gave "significant weight" to the opinions of both state agency physicians who found Plaintiff's drug and alcohol abuse both immaterial and non-severe. Tr. 27, 72, 89. The ALJ failed to reconcile this contradictory evidence with his DAA conclusion.

For these reasons, the Court finds the ALJ failed to provide substantial evidence to support his conclusion that Plaintiff would not meet Listing 12.03 if he stopped using drugs and alcohol.

## II.   The ALJ failed to provide clear and convincing reasons or record support to reject Plaintiff's symptom testimony.

Plaintiff challenges the ALJ's treatment of his testimony regarding his limitations and severity of his symptoms. When deciding whether to accept the subjective symptom testimony of a claimant, the ALJ must perform a two-stage analysis. In the first stage, the claimant must

11 - Opinion and Order

produce objective medical evidence of one or more impairments which could reasonably be expected to produce some degree of symptom. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The claimant is not required to show that the impairment could reasonably be expected to cause the severity of the symptom, but only to show that it could reasonably have caused some degree of the symptom. *Id.*

In the second stage of the analysis, the ALJ must consider the intensity, persistence, and limiting effects of the alleged symptoms based on the entire record. SSR 16-3p at *7-8. The ALJ will consider the "[l]ocation, duration, frequency, and intensity of pain or other symptoms" reported by the claimant, any medical sources, and any non-medical sources. *Id.* The ALJ's decision must contain "specific reasons for the weight given to the individual's symptoms, be consistent with and support by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id.* Additionally, the evidence upon which the ALJ relies must be substantial. *See Holohan v. Massinari*, 246 F.3d 1195, 1208 (9th Cir. 2001); *Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991). In rejecting claimant's testimony about the severity of her symptoms, the ALJ must give "specific, clear and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015).

Here, Plaintiff testified that he did not prepare his own meals, did not do house or yard work, did not drive, did not go shopping, and was not able to handle money. Tr. 24. Plaintiff testified that he was uncomfortable around others and had difficulty going into the grocery store and going out to eat. Tr. 28. The ALJ found that Plaintiff described "daily activities that are not limited to the extent one would expect," and that this indicated that Plaintiff's statements regarding his symptoms and limitations are not consistent or supported by the evidence. Tr. 24.

Those daily activities listed by the ALJ include "us[ing] public transportation, read and watch television, spend time with others, play with his grandchildren, get along with others when not using substances, and get along with authority figures (Exhibit 5E)." Tr. 24. The ALJ again uses Exhibit 5E as the sole citation for his conclusion about Plaintiff's daily living. As explained above, Exhibit 5E does not alone constitute substantial evidence of Plaintiff's abilities. Nor does Exhibit 5E contradict or undermine his symptom testimony.

The ALJ also found that the medical evidence did not corroborate Plaintiff's allegations. Tr. 30. This reasoning is insufficient because the ALJ failed to explain how the medical evidence undermined Plaintiff's symptom testimony. Moreover, it appears that the ALJ cherry picked references in the medical evidence where Plaintiff was "cooperative and alert" to undermine the repeated diagnosis of delusions and hallucinations. The ALJ erred in picking out a few isolated instances of "good eye contact" and "intact memory" to undermine Plaintiff's symptom testimony. Therefore, the Court finds that the ALJ failed to provide clear and convincing reasons or substantial evidence to support his treatment of Plaintiff's symptom testimony.

## ORDER

Plaintiff has not asked for immediate award of benefits and instead asks this Court to remand the case for further administrative proceedings. Based on the foregoing, the decision of the Commissioner is REVERSED and REMANDED for further proceedings.

It is so ORDERED and DATED this 15 day of September, 2021.

MARK D. CLARKE
United States Magistrate Judge